May 27, 2026

Christopher Wolpert, Clerk
United States Court of Appeals, Tenth Circuit
The Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257

Re: United States v. Hujrah Wahhaj, No. 23-2170
United States v. Lucas Morton, No. 24-2039
Response to Fed. R. App. P. 28(j) Citation of Supplemental Authority

Dear Mr. Wolpert:

The Government's Rule 28(j) letter underscores the devastating lack of support for its legal theories.

"The government bears the burden to prove ***every element*** *of the federal kidnapping charge* it brought," *including the elements of the state statutes* on which it relies to establish that defendant acted contrary to law for purposes of federal kidnapping. *United States v. Lozier*, 122 F.4th 717, 724 (8th Cir. 2024) (emphasis added). To convict defendants of federal kidnapping, the jury had to find that they held the child and willfully *transported him in interstate commerce* ***after*** *unlawfully* seizing … or carrying him away. 18 U.S.C. § 1201(a)(1); *United States v. Abdullahi*, 144 F.4th 1034, 1039 (8th Cir. 2025).

The Government's cited authorities fail at every step.

**Georgia**

It is undisputed that Defendants were already in New Mexico when the Georgia court order was issued. Therefore, under Georgia law, Siraj's actions were lawful because, at the time he took his child from Hakima's house, there was no court order limiting his constitutional parental rights. *Brassell v. State*, 259 Ga. 590, 591 (Ga. 1989) (A defendant cannot be in violation of the law "unless the terms of the custody order are ***so clear that the parties have exact notice of the line which may not be transgressed***." (emphasis added)). *Brassell*'s holding focuses on whether the parties have exact notice of the line which may not be transgressed; the

"lawful" authority element that is central to application of both subsections 16-5-45(b)(1)(C) and 16-5-45(c)(1).

The Government cites *Vistein* in an attempt to distinguish *Brassell*. However, in *Vistein*, as in all the other cases Defendants have cited, the parent violated a court order that they knew about. *Vistein v. Henson*, No. 2:16-CV-00257-RWS, 2018 U.S. Dist. LEXIS 236596, *7 & n.3 (N.D. Ga. Mar. 20, 2018) (applying *Brassell* to conclude that "Defendants could certainly rely on *the joint custody order, which Plaintiff admits that she knew about*." (emphasis added)). *Vistein* (a federal malicious prosecution case) simply confirms that the Government has not cited a single case where a parent was convicted of kidnapping their own child in the absence of a court order providing notice of the prohibited conduct.

**New Mexico**

Even if, as the Government claims, Siraj's lawful actions to take his child were unlawful and prosecutable upon entering New Mexico, it is undisputed that the defendants never left New Mexico. As such, ***the Government cannot satisfy the "transported in interstate … commerce" element of Section 1201***. 18 U.S.C. § 1201(a)(1).

**Subject matter jurisdiction**

Further, New Mexico does not have subject matter jurisdiction here because Siraj took his child from Hakima in Georgia. NMSA § 30-4-4(J) (New Mexico courts have subject matter jurisdiction only where "***the child was present in New Mexico at the time of the taking***." (emphasis added)); *State v. Sung*, 128 N.M. 786, 790 (applying 30-4-4(B) & (J) and holding "jurisdictional limitation expressed in Subsection J applies to all criminal acts of custodial interference defined in Subsection B."). Accordingly, under New Mexico law, Georgia law governs the question of lawfulness.

The Government's attempt to distinguish *State v. Lefthand*, 362 P.3d 174 (N.M. Ct. App. 2015) by invoking § 30-4-4(A)(5)(a) only deepens its problems. Section 30-4-4(J)'s ***jurisdictional limitation applies regardless of which definition of "right to custody" governs***. *Sung*, at 790. And even under subsection (a), the remaining elements of § 30-4-4(B)—including malicious taking and without good cause—still apply. But they were never submitted to the jury.

**Jury instructions**

Finally, assuming *arguendo* that the Government is correct and 30-4-4(B) could provide a basis for the "unlawful" element,[1] the jury must have been given the opportunity to consider each of the statutory elements, including "malicious taking" and "without good cause." *Lozier*, 122 F.4th at 724; *see also Carella v. California*, 491 U.S. 263 (1989). The instructions here foreclosed the jury's ability.

The Government's 28(j) letter confirms rather than cures these fatal deficiencies.

/s/ Katayoun A. Donnelly
Katayoun A. Donnelly
*AZIZPOUR DONNELLY LLC*
2373 Central Park Blvd., Suite 100
Denver, CO 80238
Phone: (720) 675-8584
Email: katy@kdonnellylaw.com

*Counsel for Appellant Hujrah Wahhaj*

/s/ Andrew M. Casey
Andrew M. Casey
*HENDRICK, CASEY, HUTTER, PLLC*
428 Dean A. Mcgee Ave.
Oklahoma City, OK 73102
Phone: (405) 232-1515
Email: casey@hchokc.com

*Counsel for Appellant Lucas Morton*

[1]To define "confining" as "holding," as the Government proposes, would render the term "holding" in the plain language of the statute redundant. *Gustafson v. Alloyd Co.,* 513 U.S. 561, 574 (1995) (applying the canon against surplusage and holding that statutory terms should be construed so that no word is rendered redundant or superfluous).

## CERTIFICATE OF SERVICE

I CERTIFY that I filed the foregoing document on May 27, 2026, using the appellate CM/ECF system. I ALSO CERTIFY that Tiffany Walters, Greg Acton, Andrew Casey, and Jacob Rasch-Chabot, attorneys for Appellee and other Appellants, are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system. I FURTHER CERTIFY that this letter is filed on behalf of Hujrah Wahhaj and Lucas Morton and contains 669 words.

/s/ Katayoun A. Donnelly
Katayoun A. Donnelly